# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 18-902-MN ) |
| GLOWIMAGES, INC., | ) ) |
| Defendant. | ) ) |

## **REPORT AND RECOMMENDATION**

As announced at the hearing on March 27, 2020, I recommend GRANTING Plaintiff's Renewed Motion for Default Judgment as to GlowImages, Inc. (D.I. 14). My Report and Recommendation was announced from the bench at the conclusion of the hearing as follows:

> The record before the Court reflects the following relevant procedural history:
>
> Plaintiff filed its complaint on June 18, 2018. Plaintiff filed with the Court a proof of service that indicates that Plaintiff served Defendant's Delaware registered agent on June 19, 2018. Eight days later, Defendant's registered agent contacted Plaintiff's counsel stating that it could not forward the Complaint and Summons to Defendant because of an undeliverable address. Though Delaware law deems service upon Defendant's registered agent as sufficient, Plaintiff nevertheless attempted to serve Defendant through other means. On July 24, 2018, Plaintiff filed with the Court a signed return receipt as proof the Defendant was served with the Summons and Complaint through certified mail to its Florida registered agent and president no later than July 20, 2018.
>
> Defendant has never answered or otherwise responded to the Complaint. On September 17, 2018 Plaintiff requested the Clerk to enter default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff's counsel certified that he served Defendant with Plaintiff's motion for default on the same day. The Clerk entered default against Defendant on October 4, 2018.
>
> Plaintiff moved for default judgment on January 25, 2019. After a teleconference with Judge Noreika during which she requested additional information in support of the motion, Plaintiff refiled its motion for default judgment on September 11, 2019. [D.I. 14.]

On January 21, 2020, the motion was referred to me for a report and recommendation. During a telephonic hearing on March 2, 2020, I ordered Plaintiff to submit a proposed form of permanent injunction that complied with Federal Rule of Civil Procedure 65(d), in particular, by including proposed findings of fact and conclusions of law sufficient to support the issuance of an injunction. I also permitted Plaintiff, if it so desired, to submit a letter supporting its requested amount of damages and its position on the calculation of prejudgment interest. Plaintiff filed its proposed injunction on March 13, 2020. [D.I. 18.] Plaintiff also filed a supplemental letter on March 13, 2020. [D.I. 19.]

The legal standards governing entry of default judgment are set forth in Judge Stark's opinion in *J&J Sports Production, Inc. v. Kim*, [C.A. No. 14-1170, 2016 WL 1238223, *1 (D. Del. Mar. 29, 2016)]. Entry of default is a two-step process. First, the party seeking to obtain a default judgment must request that the Clerk of the Court enter the default of the party that has not answered the pleading or otherwise defended within the time required by the rules or as extended by court order. [A] part[y] who default[s] by failing to plead or defend admits allegations of the complaint related to the claims, but does not admit the allegations in the complaint as to the amount of damages.

After obtaining an entry of default, a Plaintiff can obtain a default judgment If the Plaintiff's claim is for a sum certain or a sum that can be made certain, the Plaintiff may obtain default judgment from the court clerk. In all other cases, the party must apply to the court for a default judgment.

The allegations in the complaint, which I take as true, are summarized as follows:

Plaintiff is a photography studio and business owned by photographer Michael Grecco. Plaintiff owns copyrights in many photographic images. At issue in this case are 1,329 photographic works set forth in Exhibit A to Plaintiff's Complaint. In 2012, Plaintiff entered into copyright licensing and distribution agreements with a company called RGB Ventures, LLC, doing business as Superstock. Pursuant to those agreements, Superstock was authorized to license out Plaintiff's copyrighted photographs, including those set forth in Exhibit A to the Complaint, through specified agents referred to in the agreements as third-party distributors. Defendant, GlowImages, Inc., was one of those third-party distributors.

The agreements between Plaintiff and Superstock were terminated on or about December 2, 2013, and Superstock's licensing rights under the agreements expired 18 months thereafter. The Complaint alleges that Defendant had knowledge that the agreements had been terminated and that it knew that its right to display Plaintiff's copyrighted work[s] expired at the end of the 18-month term.

2

In 2016, well after Superstock's rights expired, Plaintiff discovered that Defendant's website was displaying and offering to license Plaintiff's copyrighted works without permission from Plaintiff. The photos of the copyrighted works on Defendant's website contained the watermark "GlowImages."

Plaintiff's Complaint contains two counts. Count I alleges copyright infringement under the Copyright Act, 17 [U.S.C. §] 101 *et seq.* Count II alleges violations of the Digital Millennium Copyright Act, or DMCA, 17 [U.S.C. §] 1201 *et seq.* I conclude that the well-pleaded facts of the Complaint establish that Defendant is liable on both counts.

As to Count I, to state a claim for copyright infringement under 17 [U.S.C. §] 501, a plaintiff must demonstrate two elements: (1) ownership of copyright and (2) copying by the defendant. That law is set forth in *Micro Focus (US), Inc. v. Insurance Services Office, Inc.*, [125 F. Supp. 3d 497, 501 (D. Del. 2015)].

The well-pleaded allegations of the Complaint establish that Defendant is liable for direct copyright infringement, as alleged in Count I. In particular, the Complaint alleges that each copyrighted work set forth in Exhibit A in the Complaint is an original work of authorship and that Plaintiff is the sole and exclusive owner of all rights to those works. The Complaint also alleges facts demonstrating that Defendant reproduced, distributed, put on public display, and offered for sale Plaintiff's works after the expiration of any right to do so and without license, permission or authorization by Plaintiff.

As to Count II, the well-pleaded allegations of the Complaint establish that Defendant is liable for violating the DMCA, 17 [U.S.C. §] 1202(a), by providing false copyright management information. In particular, the Complaint alleges that Defendant provided false copyright management information, in the form of watermark[s], with the intent to facilitate or conceal its infringement of Plaintiff's exclusive copyright by inducing end users to believe Defendant owned or control[led] the copyright in the infringed copyrighted works rather than Plaintiff. In *Michael Grecco Productions, Inc., v. Alamy, Inc.*, [372 F. Supp. 3d 131, 138-39 (E.D.N.Y 2019)], the court held that watermarks constitute "copyright management information" within the meaning of the DMCA. Accordingly, I conclude that the well-pleaded factual allegations establish liability on Count II.

Now I'll turn to the remedies to be ordered.

As to Count I, Plaintiff seeks statutory damages for Defendant's willful copyright infringement under 17 [U.S.C. §] 504(c)(2). That section allows the Court to award up to $150,000 in statutory damages per infringement if the infringement was willful. The statute does not set a mandatory minimum for willful infringement absent particular circumstances described in the statute, which are not present in this case. The selection of damages within the statutory range is up to the Court's discretion.

Copyright infringement is willful when the Defendant actually knew it was infringing the Plaintiff's copyrights or recklessly disregarded that possibility. That law is set forth in *Webloyalty.com, Inc. v. Consumer Innovations, LLC*, [388 F. Supp. 2d 435, 441 (D. Del. 2005)]. As stated earlier, Plaintiff alleged that Defendant knew that its rights under the agreements had expired but, nevertheless, continued to display and offer licenses for the works on its website. Based on those facts, I find that willfulness has been demonstrated.

Regarding the number of copyrights infringed, before this motion was referred to me, Judge Noreika held a teleconference [with] Plaintiff during which she asked Plaintiff to provide further evidentiary support for the number of infringements. Plaintiff did submit additional information on September 11, 2019. I have reviewed it and conclude that it sufficiently demonstrates that 1,329 copyrighted works were infringed.

Plaintiff requests statutory damages of $10,000 per infringement for a total of $13,290,000. Given the wide range of discretion afforded to the Court, and the large amount of infringements in this case, I ordered that Plaintiff may, if it so desired, submit argument setting forth its position why $10,000 per infringement is appropriate. Plaintiff did so on March 13, 2020.

I have reviewed and considered the additional inform[ation] provided by Plaintiff, and I have taken into account the large number of works at issue, as well as the need for the award selected to have a deterrent effect. I have also taken into account Plaintiff's representation at D.I. 19 that Plaintiff leave[s] to the Court's discretion how to value the award in this case. Under the totality of circumstances, I recommend that Judge Noreika exercise her discretion to award statutory damages within the statutory range in the amount of $1,000 per infringement, for a total amount of $1,329,000 in statutory damages on Count I.

Plaintiff further seeks statutory damages for Defendant's DMCA violations pursuant to 17 [U.S.C. §] 1203(c)(3)(B) in Count II. That section permit[s] recovery of statutory damages between $2,500 and $25,000 for each violation of Section 1202.

Plaintiff requests statutory damages of $250 per DMCA violation for a total of $332,250 for the 1,329 DMCA violations. I find that Plaintiff's request is appropriate and I recommend that Judge Noreika reward a total of $332,250 in statutory damages on Count II.

Plaintiff seeks attorneys' fees and costs under 17 [U.S.C. §] 505. Under that section the Court has discretion to award costs and may award fees to the prevailing part[y] as part of the costs. Plaintiff requests $29,138 in fees and $5,027.16 in costs. Plaintiff's renewed motion for default judgment includes a renewed declaration establishing the amount and reasonableness of the fees and costs.

I have reviewed Plaintiff's submission and find Plaintiff's requested fees and costs to be reasonable. Accordingly, I recommend that Judge Noreika award fees and costs in the amount requested.

Plaintiff also seeks prejudgment interest. According to the Third Circuit's opinion in *Leonard v. Stemtech International, Inc.*, [834 F.3d 376, 397 (3d Cir. 2016)], prejudgment interest is available in copyright cases at the district court's discretion exercised in light of considerations of fairness. The method of calculating prejudgment interest is also in the Court's discretion.

Plaintiff has requested prejudgment interest to be calculated in accordance with state law, [6 Del. C. § 2301], which provides for a prejudgment interest rate of 5% over the Federal Reserve discount rate in certain tort cases. However, as the Third Circuit remarked in *In Re Frescati Shipping Company Ltd.*, [886 F.3d 291, 314-15 (3d Cir. 2018)], the U.S. prime rate is more commonly used for prejudgment interest calculations. I find that the U.S. prime rate is al[so] appropriate here.

Although I disagree with Plaintiff about the rate that should be used, I conclude that the remainder of Plaintiff's proposed method for calculating the amount of prejudgment interest, which is set forth at Page 3 of its letter at [D.I.] 19, is reasonable. Accordingly, I direct Plaintiff to calculate prejudgment interest in accordance with the same formula but using the relevant U.S. prime rate.

I also recommend that Plaintiff be awarded post[-]judgment interest in accordance with 28 [U.S.C. §] 1961.

Accordingly, as to the monetary relief, I request that within five days Plaintiff file a proposed form of judgment that reflects what I am recommending, namely:

that default judgment is entered on Count I in the amount of $1,329,000;

that default judgment is entered on Count II in the amount of $332,250;

that Plaintiff is awarded attorneys' fees in the amount of $29,138 and costs in the amount of $5,027.16;

that Plaintiff is awarded prejudgment interest in the amount of a sum certain that Plaintiff should calculate in accordance with my comments today;

and that Plaintiff shall be entitled to post-judgment interest in accordance with 28 [U.S.C. §] 1961, accruing from the date the judgment is entered.

The post-judgment interest provision should contain a blank so that Judge Noreika can insert the weekly average one-year constant maturity treasury yield, as

5

published by the Board of Governors of the Federal Reserve System, for the calendar week[] preceding the date she signs and enters the judgment. And I hereby recommend Judge Noreika sign such a judgment.

In addition to monetary relief, Plaintiff seeks a permanent injection under 17 [U.S.C. §] 502(a). That section allows the Court to grant injunctions with reasonable terms to prevent or restrain infringement of a copyright. As set forth in the Third Circuit's opinion in *TD Bank N.A. v. Hill*, [928 F.3d 259, 278 (3d Cir. 2019)], a party seeking an injunction must demonstrate the following: (1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the balance of the hardships tips in its favor, and (4) an injunction would not disserve the public interest.

During a prior hearing, I requested that Plaintiff file a proposed form of injunction that complies with Rule 65(d). I reviewed the proposed injunction order submitted by Plaintiff at [D.I.] 18, and I agree that the record supports the issuance of an injunction here under the four equitable injunction factors, for the reasons set forth in Plaintiff's proposed injunction. The proposed injunction refers to the copyrighted works set forth in Exhibit A to the Complaint. I recommend that the "wherefore" clause set forth on Page 7 of the proposed injunction be modified slightly as follows to clarify that it only applies to the works set forth in Exhibit A:

"[Wherefore,] this Court [hereby] permanently orders and [en]joins Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assign[s], and all those in active concert and participation with Defendant[,] prohibiting them from (a) directly or indirectly infringing Plaintiff's copyrighted work[s] set forth in Exhibit A, or continuing to market, offer, sell, dispose of, license, lea[se], transfer, public[ly] display, advertise, reproduce, develop, or manufacture any work[s] derived or copied from Plaintiff's copyrighted work[s] set forth in Exhibit A, or to participate or assist in any such activit[y;] and (b) directly or indirectly reproducing, displaying, distributing, otherwise using[,] or retaining any copy, whether in physical or electronic form of any of the copyrighted work[s] set forth in Exhibit A, whether on the Glow website or otherwise."

With those slight changes to the proposed injunction, I recommend that the Court sign a proposed injunction set forth at [D.I.] 18 and issue it together with Exhibit A to the Complaint.

In conclusion, I recommend Judge Noreika grant Plaintiff's renewed motion for default judgment. [D.I. 14.]

I also recommend that once Plaintiff submits a form of judgment containing the terms I stated earlier, that she sign and enter the judgment. [D.I. 22.]

. . . And I note for Judge Noreika's benefit that there is precedent in this district for the district judge signing off on a default judgment and injunction in a

form submitted by Plaintiff containing proposed findings of fact and conclusions of law. In particular, I note that in the case of *United States v. All Trans Transmission*, [*Inc.*], C.A. No. 16-23, the Plaintiff submitted a motion for default judgment, along with a lengthy proposed order, including findings of fact and conclusions of law at [D.I.] 11, and Judge Robinson entered that order at [D.I.] 14.

And that concludes my report and recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days of its issuance and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: April 6, 2020

Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE